**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eric L. FRAZIER, Defendant–**
**Appellant.**

No. 99–1441.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 13, 2000.

Decided Feb. 16, 2001.

Before BAUER, POSNER, and ROVNER, Circuit Judges.

## ORDER

Eric Frazier ("Frazier") entered into a plea agreement to escape trial and receive a lighter sentence for his role in a conspiracy to distribute cocaine. The plea agreement bound the prosecution to dismiss certain counts of Frazier's indictment and to file a 5K1.1 motion recommending a fifteen year cap on Frazier's sentence and a downward departure in exchange for Frazier's testimony and continuing cooperation. Although it was not memorialized in the plea agreement, the prosecutor reserved the discretionary right to recommend a sentence below the mandatory minimum in the event that Frazier proved exceptionally cooperative:

> [PROSECUTOR]: [I]n the event [Frazier's] cooperation reaches a level that even surprises us, that we have reserved the right to file a departure motion below the guidelines, but you are not bound by that.
>
> COURT: [I]n other words, you are going to file a motion to request me to depart from not only the guidelines, but also from the mandatory minimum.
>
> [PROSECUTOR]: [I]f applicable.

Plea Hearing 19–20. At trial, Frazier testified under oath that the prosecution promised him immunity or probation in exchange for his testimony. The prosecution viewed this testimony as a breach of Frazier's duty under the plea agreement to offer truthful testimony and subsequently sought court permission to be released from its obligation to file the 5K1.1 motion. While the motion was pending, the prosecution became aware of a letter ("Mason Document") that Frazier purportedly sent to the court regarding the sentencing of Frazier's half-brother who was a co-conspirator in the cocaine distribution scheme. The Mason Document recanted Frazier's trial testimony. Ultimately, the prosecution argued that both Frazier's trial testimony and the Mason Document constituted violations of the plea agreement and justified releasing the government from its obligation to file a 5K1.1 motion.

Frazier sought leave from the district court to withdraw his guilty plea, or, in the alternative, to require the government to recommend a reduced sentence. The district court denied Frazier's motion. It found that Frazier's testimony about his plea agreement and his testimony about the Mason Document materially breached his plea agreement and excused the government from filing a 5K1.1 motion.

In Frazier's original appeal, *see United States v. Frazier,* 213 F.3d 409 (7th Cir. 2000), we held that the district court provided insufficient findings of fact to support its ruling, and remanded for further findings. The district court complied, and Frazier again appealed. In this successive appeal, Frazier argues that the district court erred because: (1) it employed a preponderance of the evidence standard rather than a reasonable doubt standard to determine whether Frazier breached the plea agreement; (2) the plea agreement did not require Frazier to testify truthfully about its contents; (3) Frazier did not lie about being promised immunity or proba-

tion because he believed immunity and probation were identical and probation was a possible sentence under the plea agreement; (4) the district court did not rely on the Mason Document to find a material breach, the defense did not have notice of the issue, and Frazier did not lie during his material testimony regarding the document; (5) even if Frazier lied, the untruths did not constitute a material breach of the plea agreement; and (6) it used a preponderance of the evidence standard rather than reasonable doubt for determining for sentencing purposes the amount of cocaine Frazier possessed.

 We review the denial of Frazier's motion to withdraw a guilty plea for abuse of discretion. *See United States v. Febus,* 218 F.3d 784, 790 (7th Cir.2000). We review *de novo* the judge's decision to release the government from its obligations under the plea agreement. *See United States v. Lezine,* 166 F.3d 895, 900 (7th Cir.1999). The plea agreement is subject to the law of contracts, so the government is excused from performing if the defendant has substantially breached the plea agreement. *See id.* at 901. At the outset, we re-emphasize that the appropriate standard of proof for evaluating whether Frazier breached the plea agreement is preponderance of the evidence. *See Frazier,* 213 F.3d at 419 (citations omitted). Frazier cites several cases for the proposition that the appropriate standard of proof is reasonable doubt, however, these cases are distinguishable from Frazier's.

## A. Frazier's Testimony Regarding the Plea Agreement

 Frazier argues that his trial testimony did not breach the plea agreement because he only agreed to testify truthfully about his knowledge or involvement in any illegal acts. The plea agreement states:

As part of this agreement, I agree to cooperate fully, truthfully, and candidly with the United States Attorney or his designated representatives as to my knowledge of or involvement in, any violation of state or federal law; in this regard I further agree, if requested to do so, to testify truthfully and completely before any grand jury and/or any future criminal trials.

\* \* \* \* \* \*

I further understand that this sentencing agreement is based on my continuing cooperation with the United States and my agreement to always provide truthful and complete information and testimony; I also understand that if I fail to provide complete, truthful, and candid information and testimony as required by this plea agreement, the government will not be obligated to file the departure motion....

Plea Agreement ¶ 9(f) & (g)(ii). It is Frazier's position that the phrasing "as to my knowledge or involvement in any violations of state or federal law" restricts his agreement to testify truthfully, such that it does not cover his testimony about the plea agreement. Frazier interprets this language too narrowly. As the repeated emphasis on truthful testimony and continuing cooperation reflects, the government bargained for Frazier's unreserved cooperation in establishing the case against his co-conspirators. The obligation that Frazier undertook clearly encompassed testifying truthfully under oath regarding all matters.

Frazier next argues that the district court erred when it found that he lied about the deal the prosecution promised him in exchange for his testimony. There was ample evidence to support the district court's ruling. The plea agreement clearly obligates the government to refrain from prosecuting Frazier on some charges and

to recommend a 15 year cap and a downward departure, however, it does not commit the government to recommend a sentence below the mandatory minimum of 10 years. While the government mentioned at Frazier's plea hearing that it *may* make a sentencing recommendation below the mandatory minimum, it emphasized that whether it made such a recommendation was subject to its discretion.

Frazier gave differing accounts of his plea agreement under oath. During his plea hearing, Frazier testified that no one guaranteed him anything in exchange for his testimony other than the benefits contained in the plea agreement. Frazier dramatically changed his story when he testified at trial that the prosecutor promised him probation or immunity in exchange for his testimony. Frazier contends that his trial testimony was truthful because he believed that immunity was akin to probation and probation was a possibility under the plea agreement. However, the prosecution made clear that it was not guaranteeing Frazier a recommendation of probation. Given the clear discrepancies in Frazier's characterizations of his plea agreement, the evidence shows that Frazier lied.

■ Frazier last contends that the breach of his plea agreement was not material. To determine if the breach is material, we consider the parties' reasonable expectations upon entering the agreement. *See United States v. Ataya*, 864 F.2d 1324, 1330 (7th Cir.1988). The purpose of the plea bargain for the government was to derive the benefits of Frazier's testimony against his co-conspirators. Given Frazier's position as a participant in the cocaine distribution conspiracy, it was clear that he was a key witness and as such, his credibility was vital to the government's case. A lie that impugned Frazier's credibility was quite material to the plea agreement because it threatened to expunge the government's benefit. Frazier's claim of probation or immunity endangered his credibility by encouraging the jury to think that Frazier was a government lackey who would say anything to stay out of jail.

Frazier argues that the government should not be excused from filing the 5K1.1 motion because he substantially complied with the plea agreement by helping the government obtain convictions of his co-conspirators. Frazier cites Fifth Circuit precedent for this argument, which we treat as persuasive, but not binding. The Fifth Circuit describes a finding of substantial compliance as the flip side of substantial breach: "if a party's 'nonperformance is ... innocent, does not thwart the purpose of the bargain, and is wholly dwarfed by that party's performance.' " *United States v. Castaneda*, 162 F.3d 832, 838 (5th Cir.1998). Even applying this standard, Frazier did not substantially comply with the plea agreement because his lie endangered the very benefit for which the government bargained. *See, e.g., Febus*, 218 F.3d at 790–91. Therefore, Frazier's false testimony constituted a substantial breach of the plea agreement and released the prosecutor from filing the 5K1.1 motion.

### B. The Mason Document

Given that Frazier's false testimony about his plea agreement is sufficient to release the prosecutor from his obligation, we elect not to address the issues that the Mason Document raises.

### C. Sentence

■ Frazier last argues that the district court erred when it used a preponderance of the evidence standard to evaluate the evidence for sentencing purposes. We cannot consider Frazier's argument be-

cause Frazier waived his right to appeal his sentence. A valid waiver of the right to appeal must be (1) clear and unambiguous and (2) knowing and intelligent. *See United States v. Jemison*, 237 F.3d 911, ——, slip op. at 11 (7th Cir.2001). The plea agreement Frazier signed stated:

> I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines. I am also aware that a sentence imposed under the guidelines does not provide for parole. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for my offense as set forth above in paragraph 9(c) of this plea agreement. With that understanding, I expressly waive my right to appeal my sentence on any ground.... I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding....

Plea Agreement ¶ 9(i). This language clearly and unambiguously indicates that under the plea agreement, Frazier will not be allowed to appeal his sentence for any reason. Further, Frazier's testimony at his plea hearing indicates that his waiver was knowing and intelligent. At the plea hearing, Frazier affirmed that he had discussed the waiver with his attorney, he knew he had the right to appeal, and he understood the ramifications of waiving this right. We hold that Frazier's waiver of his right to appeal is valid, and therefore we will not address Frazier's sentencing argument.

### III. CONCLUSION

We AFFIRM the district court's decision.